Gagik KYURKCHYAN; Arevik Truni; Tatevik Kyurkchyan, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72966.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Filed May 18, 2006.

Gagik Kyurkchyan, Valley Village, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA; James E. Grimes, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, COWEN,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

1. Gagik Kyurkchyan (Petitioner), and derivatively, Tatevik Kyurkchyan and Arevik Truni raised his challenge to the Immi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

gration Judge's (IJ) adverse credibility determination and denial of his Convention Against Torture (CAT) claim in his brief to the BIA, thereby exhausting these issues. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.2004).

2. The IJ's finding that Petitioner was not credible with regard to his political activities is supported by substantial evidence and goes to the heart of his asylum claim. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004) (denying relief where petitioner was unable to provide details of his political activities); *see also Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001) (recognizing that discrepancy regarding political activities went to the heart of petitioner's claims where those activities formed the basis of the persecution claim.). As long as one of the identified grounds underlying the adverse credibility finding is supported by substantial evidence and goes to the heart of the asylum claim, we must accept the adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

3. The finding that Petitioner does not qualify for CAT relief is supported by substantial evidence because Petitioner did not meet his burden of showing that the feared future persecution would constitute torture. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122–23 (9th Cir.2004) (explaining petitioner's burden); *see also Al–Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir.2001) (defining torture as "an extreme form of cruel and inhuman treatment") (citation omitted).

**PETITION DENIED.**